IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CYBERNET SOFTWARE SYSTEMS INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant | CASE NO. **25-832 T** |

# COMPLAINT

Cybernet Software Systems, Inc., ("Plaintiff") by and through its attorneys brings this action against the United States of America and in support thereof alleges as follows:

1. This case concerns the Internal Revenue Service's ("IRS's") erroneous disallowance of Plaintiff's claim for a refund of $132,941 of federal income tax for the fiscal year ended March 31, 2016 (the "2016 tax year").

2. The refund is attributable to an overpayment resulting from the computational carryforward of increased net operating losses as a direct consequence of transfer-pricing adjustments reflected in a mutual agreement between the competent authorities of the United States and the Republic of India under Article 27 of the Convention Between the Government of the United States of America and the Government of the Republic of India for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, Sept. 12, 1989, S. Treaty Doc. No. 101-5 (1991) (the "U.S.-India Tax Treaty").

3. Plaintiff seeks by this action a refund of the overpaid federal income tax and statutory interest on that amount as provided by law.

1

## PARTIES

4. Plaintiff is a Delaware corporation with its principal place of business located in Collin County at 5600 Tennyson Parkway, Suite 255, Plano, TX 75024. Its Employer Identification Number is 77-0477907.

5. Defendant is the federal government, the United States of America.

## JURISDICTION

6. The Court has jurisdiction over this dispute under 28 U.S.C. §§ 1346(a)(1) and 1491(a).

7. A taxpayer must comply with certain statutory prerequisites before properly invoking this Court's jurisdiction in a tax refund suit. In particular, the taxpayer must file an administrative refund claim with the IRS and then file a refund suit no earlier than six months from the date of filing the administrative refund claim and no later than two years from the date the IRS mails a notice of disallowance with respect to the claim. 26 U.S.C. §§ 6532(a) and 7422.

8. Plaintiff complied with those requirements before filing this complaint because it filed a Form 1120X, Amended U.S. Corporation Income Tax Return, on or around August 31, 2022 (i.e., more than six months before filing this complaint) and received by certified mail a notice of disallowance (Letter 105C) dated August 24, 2023 (i.e., less than two years before filing this complaint) disallowing the refund claim.

## STATEMENT OF FACTS

9. Plaintiff is a technology services company that provides a variety of digital infrastructure, digital engineering, digital customer experience, and enterprise product services.

10. On or before December 15, 2016, Plaintiff timely filed its Form 1120, U.S. Corporation Tax Return, for the 2016 tax year showing taxable income of $1,009,939 and a federal income tax liability of $351,550.

11. The Indian Income Tax Authority audited the Indian income tax return of Plaintiff's Indian affiliate, CSS Corp Private Limited India (f/k/a/ Slash Support India Private Limited), for the tax year ended March 31, 2007 and made transfer-pricing adjustments relating to intercompany transactions with Plaintiff that, if sustained, would have resulted in double taxation.

12. The IRS audited Plaintiff's federal income tax returns for the tax years ended March 31, 2007, March 31, 2008, and March 31, 2009 (collectively the "audited tax years") and asserted transfer-pricing adjustments relating to transactions between Plaintiff and its Indian affiliate, CSS Corp Private Limited India.

13. Because the IRS's proposed transfer-pricing adjustments, if sustained, would have resulted in double taxation (i.e., the same income would have been reported on Plaintiff's U.S. federal income tax return and the Indian affiliate's Indian tax return), Plaintiff requested the assistance of the U.S. competent authority under the U.S.-India Tax Treaty.

14. Article 27 of the U.S.-India Tax Treaty provides for a mutual agreement procedure ("MAP") by which a person contending that the actions of one country will result in taxation not in accordance with the U.S.-India Treaty may present their case to the competent authorities of each country.

~~15.~~ In a letter dated November 30, 2011, Plaintiff requested assistance from the United States competent authority by submitting a MAP request under Article 27 of the U.S.-India Tax Treaty and Rev. Proc. 2006-54, 2006-2 C.B. 1035, seeking relief from double taxation with respect to the transfer-pricing adjustments for the audited tax years and the 2010 tax year. That request for assistance from the United States competent authority is attached as Exhibit 1 (Competent-Authority Request (With Attachments Omitted)).

16. The competent authorities of the United States and India ultimately reached an agreement with respect to the transfer-pricing adjustments. Pursuant to that agreement, the parties agreed that (1) Plaintiff overstated its taxable income in the United States and (2) the resulting favorable adjustment would be imposed for Plaintiff's tax year ended March 31, 2009.

17. The IRS's Advance Pricing and Mutual Agreement program informed Plaintiff of the MAP agreement on April 5, 2021. The letter informing Plaintiff of the MAP agreement is attached as Exhibit 2 (MAP Resolution Letter).

18. The taxpayer-favorable adjustments reflected in the MAP agreement to reduce U.S. taxable income and avoid double taxation eliminated Plaintiff's 2009 U.S. taxable income and resulted in excess net operating losses that were carried forward to the 2010 tax year and other subsequent tax years.

19. On or around August 31, 2022, Plaintiff filed a Form 1120X, Amended U.S. Corporation Income Tax Return, for the 2016 tax year. The IRS apparently received that filing on September 26, 2022. That amended return applied a net-operating-loss carryforward arising from the MAP agreement against the U.S. taxable income reported on Plaintiff's original return for the 2016 tax year. This resulted in a $132,941 refund. That amended return, which is Plaintiff's refund claim for the 2016 tax year, is attached as Exhibit 3 (Claim for Refund). Plaintiff carried forward the remaining net operating losses to subsequent tax years.

20. Plaintiff received from the IRS by certified mail a notice of disallowance (Letter 105C) dated August 24, 2023, disallowing Plaintiff's refund claim for the 2016 tax year on the basis that "[y]ou filed your claim more than 3 years after you filed your tax return." The IRS letter disallowing that claim for refund is attached as Exhibit 4 (Notice of Disallowance).

## COUNT ONE
## PLAINTIFF IS ENTITLED TO AN OVERPAYMENT OF TAX ARISING FROM THE IMPLEMENTATION OF THE MAP AGREEMENT BETWEEN THE UNITED STATES AND INDIAN COMPETENT AUTHORITIES

21. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs.

22. Taxpayers are typically required to file amended returns claiming refunds within three years of filing an original return. *See* 26 U.S.C. § 6511(a) ("Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed . . . .").

**Treaty Override**

23. It is the United States's general policy to pursue tax treaties in which both countries waive their domestic statutes of limitations to enable the implementation of competent-authority agreements. *See* Rev. Proc. 2006-54, 2006-2 C.B. 1035 § 9.01. ("In negotiating treaties, the United States seeks to secure an agreement with the treaty country that any competent authority agreement reached with the treaty country will be implemented notwithstanding any time limits or other procedural limitations in the domestic law of either country.").

24. Reflecting the United States's general policy, certain tax treaties entered between the United States and foreign countries grant taxpayers the ability to seek refunds to implement a competent-authority agreement notwithstanding domestic statutes of limitations. The U.S.-India Tax Treaty is one such treaty.

25. Under the U.S.-India Tax Treaty: "[a]ny agreement reached [by the competent authorities of the United States and India] shall be implemented notwithstanding any time limits

5

or other procedural limitations in the domestic law of the [the United States and India]." U.S.-India Tax Treaty, art. 27, para.2; *see also* Treasury Department Technical Explanation of the Convention and Protocol between the United States of America and the Republic of India for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with respect to Taxes on Income Signed at New Delhi on September 12, 1989, art. 27 ("If agreement is reached under this provision, it is to be implemented even if implementation is otherwise barred by the statute of limitations or by some other procedural limitation, such as a closing agreement.").

26. The MAP agreement reached between the competent authorities of the United States and India and accepted by Plaintiff resulted in a determination that Plaintiff overstated its taxable income in the United States during the audited tax years, which increased Plaintiff's net operating losses in those years.

27. To implement the MAP agreement and prevent double taxation, Plaintiff carried forward the increased net operating losses resulting from the MAP agreement and filed the Form 1120X, Amended U.S. Corporation Income Tax Return, for the 2016 tax year. This resulted in a refund of $132,941 for 2016.

**Plaintiff's Right to a Refund**

28. A taxpayer may file a civil action for the recovery of any internal revenue tax erroneously or illegally assessed or collected, or any penalty collected without authority, after a claim for refund has been duly filed with the Secretary. 26 U.S.C. § 7422(a). References to "tax" in the Internal Revenue Code are deemed to include related interest. *See* 26 U.S.C. § 6601(e)(1) ("[A]ny tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax.").

29. The civil action for recovery of internal revenue tax may be filed between six months after the filing of the refund claim with the IRS and two years from the date of mailing to the taxpayer a notice of the disallowance of the part of the claim to which the suit or proceeding relates.  26 U.S.C. § 6532(a)(1).

30. Plaintiff files this action (1) more than six months after it filed its August 31, 2022, amended return claiming a refund and (2) less than two years after the IRS disallowed Plaintiff's claimed refund in a notice of disallowance (Letter 105C) dated August 24, 2023.

31. Through this action, Plaintiff seeks to recover $132,941 for the 2016 tax year that follows directly from the implementation of the MAP agreement reached between the U.S. and Indian competent authorities and subsequently accepted by Plaintiff.

32. Because the U.S.-India Tax Treaty overrides domestic statutes of limitations, Plaintiff is entitled to a refund of the claimed amount even though it filed the refund claim more than three years after it filed its return for the 2016 tax year.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Award Plaintiff a judgment in the amount of $132,941 or such other amount as the Court determines to be refundable plus statutory interest on that amount as provided by law; and

b. Award Plaintiff any other relief the Court deems appropriate.

Dated: May 15, 2025

        Saul Mezei

        By:   */s/ Saul Mezei*

        Saul Mezei
        Attorney of Record for Plaintiff
        Gibson, Dunn & Crutcher LLP
        1700 M Street, N.W.,
        Washington, DC 20036-4504
        202.955.8693
        smezei@gibsondunn.com

        John F. Craig, III
        Gibson, Dunn & Crutcher LLP
        1700 M Street, N.W.,
        Washington, DC 20036-4504
        202.955.8230
        jcraig@gibsondunn.com